UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00261-RGK-SK | Date | April 27, 2022 |
|---|---|---|---|
| Title | *Sandra Edmonds v. Barchester California, LP et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order and Judgment re: Court Trial

## I. INTRODUCTION

On September 1, 2021, Sandra Edmonds ("Plaintiff") filed a first amended complaint ("FAC") against Barchester California, LP ("Defendant"), asserting violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12102 *et seq*). (*See* FAC, ECF No. 29.) The Court held a bench trial on April 21, 2022, and took the case under submission. (*See* ECF No. 70.) After considering the arguments and evidence presented at trial, the Court **ENTERS JUDGMENT FOR DEFENDANT**.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

This opinion serves as the findings of fact and conclusions of law required by Federal Rule of Civil Procedure ("Rule") 52. Any finding of fact that actually constitutes a conclusion of law is adopted as such, and vice versa.

### A. Findings of Fact

Plaintiff suffers from chronic pain due to obesity and arthritis. She has impaired mobility and uses a walker. On January 2, September 2, and September 4, 2020, Plaintiff visited a CVS Pharmacy located at 3741 Crenshaw Boulevard in Los Angeles, California (the "Property"). She parked in an accessible parking stall on the south side of the Property. Plaintiff testified that on one occasion she "saw some stickers and stuff" on an accessible parking sign and that on all three occasions she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00261-RGK-SK | Date | April 27, 2022 |
|---|---|---|---|
| Title | *Sandra Edmonds v. Barchester California, LP et al* | | |

encountered uneven pavement in the parking stall's access aisle.[1] She also testified that she is "kind of discouraged" to return to the Property because of these "complications."

Plaintiff's expert witness, John Battista, is a certified access specialist ("CASp"). He performed two accessibility evaluations and produced two separate CASp reports. (*See* Pl.'s Ex. 5.) When Mr. Battista first visited the Property on October 12, 2021, he witnessed a construction crew demolishing the accessible parking stalls and access aisle on the south side of the Property. (*See id.*) He returned to the Property on December 10, 2021 and made nine findings, only four of which relate to operative claims: On the north side of the Property, (1) the "parking signs have been vandalized"; (2) the "running slope… of the accessible parking stall exceeds 2%"; (3) where "the asphalt access aisle meets the parallel curb ramp there are vertical edges and/or variations over ¼ inch with uneven open gaps; and (4) the "turning space at the parallel curb ramp is sloped greater than 2%." (*Id.* at 20–28.) He estimated that it would cost $1,040 to correct these problems. (*Id.*)

**B.   Conclusions of Law**

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns . . . a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) [s]he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [her] disability." *Ariz. ex rel Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

A defendant denies a public accommodation because of a plaintiff's disability when the defendant fails "to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Architectural barriers are physical elements of a facility that impede access by people with disabilities." *ADA Title III Technical Assistance Manual*, § 4.4100, https://www.ada.gov/taman3.htm (last visited Jan. 6, 2022). A feature that does not meet the requirements set forth in the ADA Accessibility Guidelines ("ADAAG") constitutes an "architectural barrier." *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). "Readily achievable"

---

[1] Plaintiff also testified that she encountered other "problems," such as faded paint at the parking stall and a weather strip at the entrance of the store. This testimony, however, is irrelevant because these alleged barriers were not asserted in the complaint. A "plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011). The Court declines to consider claims that were not alleged in the operative complaint.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00261-RGK-SK | Date | April 27, 2022 |
|---|---|---|---|
| Title | *Sandra Edmonds v. Barchester California, LP et al* | | |

removal means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C § 12181(9).

Plaintiff alleged several architectural barriers at trial, but only three were alleged in her complaint and remain operative: (1) an obscured accessible parking sign; (2) cross slopes greater than 2% in the path of travel, parking stalls, and access aisle; and (3) uneven surfaces. (*See* Compl., ECF No. 1; *see also* Pl.'s Response to OSC, ECF No. 52.) She failed, however, to sufficiently prove that these architectural barriers existed at the Property when she visited in 2020.

Because Mr. Battista evaluated the Property only *after* a construction crew demolished the parking area at issue, the only evidence of the barriers that existed before demolition is Plaintiff's own testimony. But Plaintiff did not testify about any excessive sloping; she only testified about "cracks on the pavement" in the access aisle on the south side of the property and "stickers and stuff" on an accessible parking sign on the south side of the property. Mr. Battista did not identify these barriers in his December 10 CASp Report. Furthermore, the relevant issues that he identified were found on the north side of the Property, not the south side. Therefore, it is likely that the barriers that Plaintiff purportedly encountered in 2020 were either remedied or never existed in the first place.

Plaintiff's testimony was not credible. She made numerous unresponsive and unsolicited remarks, and had to be reminded not to talk over the Court or counsel and not to volunteer statements. Her manner while testifying was combative, and she was vague in her descriptions of the topics at issue, such as her disability and the alleged barriers. The Court therefore does not believe that she encountered uneven pavement or an obscured sign. As such, Plaintiff failed to prove by a preponderance of the evidence that she was denied public accommodations because there is insufficient evidence that the alleged architectural barriers even existed at the Property when she visited in 2020.

Furthermore, Plaintiff entirely failed to produce evidence that Defendant is "a private entity that owns, leases, or operates a place of public accommodation." *See Ariz. ex rel Goddard*, 603 F.3d at 670. Although Defendant did not dispute that it owned the Property, it was Plaintiff who bore the burden of proving that it did. She failed to meet this burden.

Lastly, the Court is not satisfied that Plaintiff has standing. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirements imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "Under the oft-repeated standing formulation, [a plaintiff] must demonstrate that [s]he has suffered an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." *Chapman*, 631 F.3d at 946. To obtain injunctive relief, "which is the only relief available to private plaintiffs under the ADA, [s]he must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-00261-RGK-SK | Date | April 27, 2022 |
|---|---|---|---|
| Title | *Sandra Edmonds v. Barchester California, LP et al* | | |

demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). An "ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. These elements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan*, 504 U.S. at 561.

Plaintiff failed to sufficiently prove either deterrence or an intent to return to the Property. Although Plaintiff's counsel argued that Plaintiff lives only six blocks from the Property and that it is her closest drug store, counsel failed to elicit any testimony or provide any evidence about Plaintiff's intent to return to the Property. And the only relevant testimony about deterrence appears to be Plaintiff's brief statement that she is "kind of discouraged" to return to the Property. Because the Court did not find Plaintiff's testimony credible, it does not find that this statement sufficiently proves a "real and immediate threat of repeated injury." *See O'Shea v. Littleton*, 414 U.S. 488, 496 (1974).

### III. CONCLUSION

Because Plaintiff failed to prove her case, the Court **ENTERS JUDGMENT FOR DEFENDANT.**

**IT IS SO ORDERED.**

|   | : |
|---|---|
| Initials of Preparer | jre/k |